[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the motion to dismiss of defendant Paul Mannix. CT Page 3952
The plaintiff, Lawrence W. Allen, alleges in his complaint that defendant William Mannix wrongfully took possession of and appropriated to his own use an excavator owned by the plaintiff. At count two of his complaint the plaintiff pleads that he had legal title as a result of a contract with one Paul Mannix, on whose behalf William Mannix is alleged to have appropriated the equipment identified in Count One.
On May 29, 1990, the court granted from the bench a motion to strike the complaint insofar as it failed to cite a necessary party, Paul Mannix.
On June 21, 1990, the plaintiff filed an amended complaint which included a statement to the effect that Paul Mannix had been cited in as a party. After the plaintiff filed his amended complaint, the defendant, William Mannix moved for judgment. The court sustained an objection to that motion when it appeared that plaintiff's counsel had not at first understood the oral ruling on the motion to strike and had consequently failed to file a new pleading within fifteen days, pursuant to 157 P.B.
The plaintiff then caused to be served on Paul Mannix according to the Sheriff's return, "a copy of this original summons with my endorsement hereon." The return does not indicate that the complaint was served on Paul Mannix. Paul Mannix has moved to dismiss the claims against him for lack of in personam jurisdiction, and insufficiency of process and service of process. The movant also alleges that the plaintiff improperly served him with process without seeking court authorization to cite him as a party pursuant to 103 and 196 P.B.
Section 52-102 C.G.S. provides that "[u]pon motion made by any party or nonparty to a civil act, the person named in the party's motion. . .shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein. . . ."
The plaintiff has not filed a motion to make Paul Mannix a party, nor did he orally so move at the time the court struck the complaint for failure to cite in a necessary party.
Moreover, the summons and Sheriff's return indicate that the plaintiff failed to comply with the requirement of 52-57 C.G.S. in that he served only a copy of the summons, and not a copy of the complaint, upon the movant.
The motion to dismiss the claims of the plaintiff against defendant Paul Mannix is granted. CT Page 3953
BEVERLY J. HODGSON, JUDGE.